IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF: )
) CASE NO. BK15-80480
THOMAS MICHAEL GURNEY and )
MARY TERESA GURNEY, ) CHAPTER 13
)
Debtor(s). )

## ORDER

Hearing was held in Omaha, Nebraska, on November 2, 2015, on the debtors' motion to avoid the lien of Kevin and Bonnie Boryca (Fil. No. 22) and objection to the Borycas' claim (Fil. No. 23), and resistances by the Borycas (Fil. Nos. 26 and 27). Samuel J. Turco, Jr., appeared for the debtors, and Bonnie Boryca appeared on her own behalf.

The creditors Kevin and Bonnie Boryca hold a 2014 Douglas County Court judgment of $9,259.81 against the debtors. It constitutes a lien on the debtors' residence. The debtors have moved to avoid that lien asserting that it impairs the homestead exemption to which they are entitled. The debtors also object to the Borycas' proof of claim as a secured claim, arguing that it should be treated as a general unsecured claim if the judicial lien is avoided.

Debtors brought the avoidance motion under 11 U.S.C. § 522(f)(1). That section permits a debtor to avoid the fixing of a judicial lien on the debtor's interest in property to the extent that such a lien impairs an exemption to which the debtor would have been entitled. Section 522(f)(2) sets out the formula to be followed in determining whether a lien impairs an exemption:

> (A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of —
> (i) the lien;
> (ii) all other liens on the property; and
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

"Section 522(f)(2)(A) is a congressionally mandated bright line formula for determining how to calculate the extent to which a judicial lien impairs an exemption." *Kolich v. Antioch Laurel Veterinary Hosp., Inc. (In re Kolich)*, 273 B.R. 199, 206 (B.A.P. 8th Cir. 2002). That decision was affirmed by the Eighth Circuit Court of Appeals at 328 F.3d 406 (8th Cir. 2003) and is still the touchstone for § 522 lien avoidance cases within this judicial circuit.

In addition to the Borycas' lien, Wells Fargo Bank holds a consensual lien in the amount of $76,421.45 secured by a deed of trust on the property. Capital One Bank also holds two judgment liens against the property, in the amounts of $28,683.00 and $2,371.70. However, both of these judgment liens have been avoided (*see* Fil. Nos. 30 and 31) and need not be taken into account for purposes of this motion. *See* 11 U.S.C. § 522(f)(2)(B) ("In the case of a property subject to more than 1 lien, a lien that has been avoided shall not be considered in making the calculation under subparagraph (A) with respect to other liens.").

In applying the *Kolich* decision in this case and plugging the numbers into the statutory formula, it becomes clear that the Boryca lien should not be avoided in its entirety.

| | |
|---|---:|
| Boryca judgment lien | $9,259.81 |
| Wells Fargo lien | $76,421.45 |
| Homestead exemption | $60,000.00 |
| Total liens plus exemption | $145,681.26 |
| Less value of the debtors' interest in the property absent any liens | $145,000.00[1] |
| Amount of impairment | $681.26 |

In other words, the Borycas' judgment lien impairs the debtors' homestead exemption by $681.26. That amount may be avoided, while the balance of the judgment lien remains intact and should be treated as a secured claim.

The debtors' Chapter 13 plan, in which they proposed to avoid entirely the Capital One and Boryca judgment liens, was confirmed in May 2015.[2] In light of the court's ruling that only a portion of the Borycas' claim may be avoided, it would be helpful for the debtors to amend the plan to specify how they intend to pay the balance of this secured claim.

---

[1] At the hearing, the only competent evidence of value presented was the appraisal attached to the affidavit of Mr. Gurney, which was received into evidence without objection. The appraisal found the value of the home to be $145,000.00. Both parties declined the opportunity to present further evidence of value at a subsequent hearing.

[2] Interestingly, despite this provision regarding the intent to avoid the Capital One judgment liens, the plan also provided for payment of a portion of the Capital One debt as a secured claim. This inconsistency should also be addressed in the amended plan.

       IT IS ORDERED: The debtors' motion to avoid the lien of Kevin and Bonnie Boryca (Fil. No. 22) is granted as to $681.26. The balance of the lien remains in effect. The debtors' objection to the claim of Kevin and Bonny Boryca (Fil No. 23) is denied. The debtors shall file an amended plan post confirmation by December 2, 2015.

       DATED: November 9, 2015.

                                BY THE COURT:

                                <u>/s/ Thomas L. Saladino</u>
                                Chief Judge

Notice given by the Court to:
       *Samuel J. Turco, Jr.
       Kevin & Bonnie Boryca
       Chapter 13 Trustee
       United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.